UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CLEMENTE DALE, #280826, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:23-cv-00583 |
| | ) |
| KAJEEN SALIH, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Clemente Dale, a state inmate in custody at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 5), and a motion to appoint counsel (Doc. No. 6).

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 5) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. See 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Review for whether the Complaint states a claim upon which relief may be granted involves determining whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir.

2

Case 3:23-cv-00583    Document 7    Filed 11/01/23    Page 2 of 7 PageID #: 42

2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983.

**B. Allegations and Claims**

Plaintiff seeks an award of damages against three Defendants: Attorney Lisa G. Woolley, his "public defender/private attorney"; Kajeen Salih, a used car salesman at Royal Net Auto Sales, Inc., in Nashville; and the Bledsoe County Correctional Complex (BCCX), Plaintiff's former place of incarceration. (Doc. No. 1 at 2–3). Plaintiff claims that Woolley violated his Sixth Amendment rights by providing ineffective assistance of counsel while representing him in state criminal court. (Id. at 3–4). He claims that Salih sold him a used car with a "rebuilt title," which "lost the rear axle" shortly after the sale, and which Salih then repossessed. (Id. at 4). He claims that BCCX violated his Eighth and Fourteenth Amendment rights by failing to honor his "class B medical pass to be on the bottom tier" and moving him from a bottom-tier cell to a top-tier cell, where he was assigned the top bunk, from which he subsequently fell and injured his back. (Id. at 3–4). Plaintiff was kept in his top-tier cell for a period of one month and two weeks after sustaining his back

3

injury. (Id. at 4). He claims that "[t]he fact of the accident stems from the staff not issuing [him] a bottom bunk before [his] injuries occurred." (Id.).

**C. Analysis**

The Complaint, as currently constituted, fails to state a viable claim against a proper Defendant under § 1983. Section 1983 complaints must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

Attorney Woolley is not a state actor. Defense attorneys, even if employed by the State, "do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981), because in that role they are obliged "to act in a role independent of and in opposition to the State." West v. Atkins, 487 U.S. 42, 50 (1988). Although there is an exception to this rule when a public defender or other defense attorney conspires with state actors to violate her client's rights, Tower v. Glover, 467 U.S. 914, 920 (1984), Plaintiff does not allege any such conspiracy. Furthermore, even if Woolley were a state actor, Plaintiff's ineffective-assistance-of-counsel claim represents a challenge to his conviction, which is the province of habeas corpus rather than Section 1983. See Muhammad v. Close, 540 U.S. 749, 750–51 (2004). Where, as here, such a challenge seeks relief "unavailable in habeas, notably damages," id. at 751, and success on the claim would "implicitly question the validity of conviction or duration of sentence," the damages claim cannot be pursued unless and until the prisoner succeeds in having his conviction or sentence "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or . . . called into question by a federal court's issuance of a writ of habeas corpus." Gardner v. Morriss, No. 3:17-cv-00747, 2017 WL 4805205, at *2 (M.D. Tenn. Oct. 24, 2017) (citing Heck v. Humphrey, 512 U.S. 477,

4

486–87 (1994)). Plaintiff has not satisfied these preconditions for claiming Woolley's liability, even if she were a state actor.

Likewise, the claim against Defendant Salih concerning his unlawful sale of a used car to Plaintiff fails because Salih is not a state actor, and the claim against him does not arise under any provision of the U.S. Constitution or other federal law. The claim is thus improper under § 1983 and subject to dismissal.

Finally, BCCX is neither a state actor nor a "person" who can be sued under § 1983. See Hohenberg v. Shelby Cnty., Tennessee, 68 F.4th 336, 342 (6th Cir. 2023) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989)) ("Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute."). Although the entity that operates a jail or prison may qualify as a "person" if it is not a state entity, see generally Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978), the jail or prison itself does not. See Page v. R.C.A.D.C., No. 3:22-CV-00650, 2022 WL 4486400, at *2 (M.D. Tenn. Sept. 26, 2022) (finding that "the Rutherford County Adult Detention Center is a building, not a 'person'" subject to suit under § 1983). Even if the Court were to liberally construe the claim against BCCX as against the Tennessee Department of Correction (TDOC) or the State of Tennessee, Plaintiff could not recover. The State of Tennessee is not a "person" under § 1983, see Will, 491 U.S. at 71, nor has its sovereign immunity under the Eleventh Amendment been waived or abrogated for purposes of suits under § 1983. Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee, 63 F.4th 510, 518 (6th Cir. 2023). See also Mikel v. Quin, 58 F.4th 252, 256 (6th Cir. 2023) (finding that a § 1983 suit against the State of Tennessee or its agencies "fails twice over—first due to sovereign immunity, second due to the inapplicability of § 1983"). TDOC, too, "is not a 'person' for purposes of Section 1983 liability . . . [but] is an agency

of the State of Tennessee and, as such, is entitled to Eleventh Amendment immunity" from suit for money damages. Vick v. Core Civic, 329 F. Supp. 3d 426, 450 (M.D. Tenn. 2018) (citing Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997)); see Mikel, supra.

Notably, although Plaintiff's Eighth Amendment claim is wrongly asserted against BCCX, the claim is not otherwise frivolous or clearly implausible. "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." Richmond v. Huq, 885 F.3d 928, 937 (6th Cir. 2018) (quoting Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001)). The test for such a violation has both objective and subjective components. Id. at 937–38 (citing Clark-Murphy v. Foreback, 439 F.3d 280, 286 (6th Cir. 2006)). Here, Plaintiff claims "inadequate medical care, denial of bed occupancy, and reckless disregard for [his] safety as a prisoner" when his "class B medical pass to be on the bottom tier" was ignored. (Doc. No. 1 at 5). Construing the Complaint's limited factual allegations in Plaintiff's favor, they could potentially support a viable deliberate-indifference claim against a proper defendant. But at this point, neither component of Plaintiff's Eighth Amendment claim has been sufficiently alleged. That is, he has not sufficiently alleged the nature of the medical condition and limitations that resulted in his restriction to the bottom tier, nor has he alleged the subjective intent of any proper defendant in assigning him to the top bunk in a top-tier cell at BCCX despite that restriction.

Where a claim is subject to dismissal because it does not contain "sufficient factual matter, accepted as true," to plausibly claim relief against a proper defendant, Hill, 630 F.3d at 470–71, the Court may grant leave to amend in order to allow Plaintiff an opportunity to supply the clarifying information. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the

complaint is subject to dismissal under the PLRA"). The Court will exercise its discretion to take that approach in this case. Plaintiff will thus be allowed an opportunity to present additional factual allegations against the proper defendant(s) concerning the claimed deprivation of his Eighth Amendment right to adequate medical care.

### III. CONCLUSION

As explained above, although the Complaint is subject to dismissal for failure to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), the Court will allow Plaintiff to file an Amended Complaint in response to this Order within **30 DAYS** of the entry of the Order. The Clerk is **DIRECTED** to provide Plaintiff with a form for filing a civil rights complaint (Pro Se Form 14).

Plaintiff is cautioned that failure to file an Amended Complaint within 30 days or to seek an extension of this deadline before it expires will result in the dismissal of this action.

Plaintiff's motion to appoint counsel (Doc. No. 6) is premature at the pleading stage. The motion is therefore **DENIED WITHOUT PREJUDICE** to renewal if the case progresses and circumstances arise that warrant such relief.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE